FILED

DEC 1 7 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLATSOP DIKING IMPROVEMENT
COMPANY #9,

               Plaintiff,

v.

DUCKS UNLIMITED, INC., et al.

               Defendants.

CV. 09-1081-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Judge:

Plaintiff Clatsop Diking Improvement Company #9 filed this action in state court arising out of the defendants' work on a wetlands restoration project that affected several dikes owned by Clatsop Diking. Defendants removed the action to this court. Clatsop Diking's Motion to Remand (#5) is now before the court. The court should grant the motion, for the reasons set forth below.

**BACKGROUND**

Clatsop Diking, a public corporation comprised of members and landowners in the

Page 1 - FINDINGS AND RECOMMENDATION

Clatsop Diking Improvement District, filed this action in state court arising out of the defendants' work on a wetlands restoration project that affected several dikes owned by Clatsop Diking. Ducks Unlimited, a foreign corporation, agreed to act as engineer and general contractor for the dike work required by the restoration project. Defendant Big River Construction, Inc., an Oregon corporation, also performed the work on the project, as did defendants John Spolar and Steve Liske, who are both licensed engineers doing business in Oregon.

Clatsop Diking's complaint alleges that defendants' work on the restoration project resulted in damage to its dikes and affected its compliance with federal regulations. With regard to the latter claim, the complaint explains that federal regulation of dikes under 33 U.S.C. § 709 changed in 2002, but allowed older dikes to be grandfathered in. Clatsop Diking alleges that Ducks Unlimited represented that it would assume responsibility for maintenance of one of Clatsop's dikes and then allowed the dike to fall into disrepair, resulting in a loss of its "grandfathered in" status.

Clatsop Diking's complaint asserts six claims for relief. The First Claim for Relief alleges that the defendants' performance of the dike work for the wetlands restoration project was negligent in several respects, including that the work failed to comply with local, state and federal statutory and regulatory standards. The Second Claim for Relief alleges that defendants engaged in negligent misrepresentation when they stated or implied that the dike work complied with statutory requirements, along with other alleged misrepresentations. The Third, Fourth, Fifth and Sixth Claims for Relief allege breach of contract, breach of implied warranties, estoppel and nuisance, respectively.

Ducks Unlimited, Spolar and Liske removed the case to the District of Oregon on September 10, 2009, on the basis of federal question jurisdiction. The plaintiff's motion to

Page 2 - FINDINGS AND RECOMMENDATION

remand is now before the court.

## LEGAL STANDARD

A party may remove an action to federal court only when the action could have been

originally filed in federal court. 28 U.S.C. § 1441(a)(2). The removing party bears the burden of

showing that the federal court has subject matter jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564,

566 (9th Cir. 1992). After the court examines possible bases for federal jurisdiction, any

remaining doubt about subject matter jurisdiction favors remand. *Id.* (citation omitted); *see also*

*Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (a court must strictly construe the statute

conferring federal jurisdiction and must reject jurisdiction if any doubt exists).

## DISCUSSION

Clatsop Diking asserts two arguments in support of its motion to remand. First, it argues

that defendants' notice of removal was untimely because the defendants did not file the notice of

removal with the state court, or provide notice of removal to Clatsop, within thirty days of their

receipt of the initial pleading. Second, Clatsop Diking argues that the complaint provides no

basis for federal jurisdiction. I address only the latter argument because it is dispositive, as

explained further below.

Absent diversity jurisdiction, the complaint must state a federal question to confer subject

matter jurisdiction. 28 U.S.C. §§ 1331, 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987). Any issue arising under the Constitution, laws, or treaties of the United States constitutes

a federal question. 28 U.S.C. §§ 1331, 1441(b). Under the "well-pleaded" complaint rule, the

federal question must arise on the face of the complaint. *Merrell Dow Pharmaceuticals, Inc. v.*

*Thompson*, 478 U.S. 804, 808 (1986).

The plaintiff may not, however, omit to plead necessary federal claims in order to avoid

Page 3 - FINDINGS AND RECOMMENDATION

federal jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22 (1983) (superseded by statute on other grounds). Thus, federal question jurisdiction lies if a complaint necessarily raises a substantial, disputed federal issue, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314-316 (2005) (federal jurisdiction applied to a state quiet title action because the meaning of a federal notice of seizure statute was the sole contested issue, there was a substantial national interest in the availability of a federal forum and the case had little impact on the federal-state division of labor because only a rare title case would raise a matter of federal law).

The presence of a federal issue, however, is not "a password opening federal courts to any state action embracing a point of federal law." *Grable*, 545 U.S. at 314. Thus, when alternative and independent theories support a claim for relief, one of which is a state law theory and one of which is a federal law theory, "federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *see also Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1102 (9th Cir. 2008) (claims for negligence and conversion arising out of federally-regulated natural gas drilling did not give rise to federal jurisdiction because federal law did not constitute an essential element of those claims).

Moreover, in *Merrell Dow*, the Supreme Court concluded that federal question jurisdiction did not lie over a state tort claim resting in part on an allegation that the defendant drug company had violated federal labeling law because the labeling law did not provide a private cause of action. 478 U.S. at 812. In addition, the exercise of federal jurisdiction "over

Page 4 - FINDINGS AND RECOMMENDATION

state claims resting on federal mislabeling and other statutory violations would . . . have heralded a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 at 319 (explaining the holding in *Merrell Dow*, 478 U.S. at 811-812); *Maletis v. Perkins & Co.*, No. 05-820, 2006 U.S. Dist. LEXIS 17896, at *24, 2005 WL 3021254 (D. Or. Sept. 13, 2005) (plaintiff's allegation that defendants negligently rendered federal tax advice did not give rise to federal jurisdiction because the validity of the tax law was not at issue and to hold otherwise "would inundate the federal courts with otherwise garden variety state tort claims").

Here, the defendants rely on two portions of the complaint to argue that federal law comprises a necessary element of Clatsop Diking's claims. Specifically, defendants rely on Clatsop Diking's allegation that defendants' dike work failed to comply with federal statutory and regulatory standards and the allegation that defendants' conduct resulted in a loss of a dike's "grandfathered in" status under federal regulations. Defendants further asserted at oral argument that plaintiff's ability to bring this case turns on whether the federal Flood Control Act places sole responsibility with Clatsop Diking to maintain the dikes at issue.

The exercise of federal question jurisdiction is inappropriate here because the federal issues in Clatsop Diking's complaint are not essential to its state law claims. Like the claim found insufficient to confer federal jurisdiction in *Rains*, Clatsop Diking's negligence claim alleges several separate and independent theories of negligence apart from the alleged violation of federal statutory and regulatory standards. In addition, like the claims found insufficient in *Maletis*, Clatsop Diking's allegation that defendants' actions led to the loss of grandfathered in status under federal regulations on one of its dikes does not challenge the validity of those regulations. Moreover, that allegation relates to the measure of damages, not whether Clatsop Diking is entitled to relief. Finally, while defendants may argue that federal law places

Page 5 - FINDINGS AND RECOMMENDATION

responsibility with Clatsop Diking to maintain the dikes, that issue arises as part of their defense to this action, not on the face of the complaint.

Finally, a finding that federal jurisdiction lies here "would inundate the federal courts" with state law claims. *Maletis*, 2005 U.S. Dist. LEXIS 21444, at *28. To do so would run afoul of the Supreme Court's instruction that federal jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts." *Grable*, 545 U.S. at 313.

Clatsop Diking's claims constitute garden variety state tort claims with embedded federal issues. The defendants have not met their burden to prove that federal question jurisdiction applies. The court should therefore grant Clatsop Diking's motion to remand.

## CONCLUSION

The court should grant Clatsop Diking's Motion to Remand (#5).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 6 - FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 17th day of December, 2009

Honorable Paul Papak
United States Magistrate Judge